IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEMARIO DONTEZ WALKER**                                        **PLAINTIFF**

v.                                                                No. 4:18CV48-GHD-DAS

**MARSHALL TURNER, ET AL.**                                      **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S MOTION
### TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion for reconsideration of the court's memorandum opinion and final judgment. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

In the instant motion, the plaintiff argues that the court did not require him to provide evidence to document his claims; rather, the court ordered him to show cause why the court should not require him to do so in the instant case and future cases. Doc. 116 at 2-3. The plaintiff further argues that, as the court has rejected his arguments regarding whether he should provide evidence to support his claims, the court must provide him the opportunity to provide such evidence. *Id.* These arguments are unavailing.

The plaintiff is correct in noting that the court did not *expressly* require him to provide proof to support the elements of his claims. However, one of the ways (perhaps the only way) for the plaintiff to show that the instant case is not vexatious is to provide such proof in the

present case. The central issue in the court's show cause order was the complete absence of documentary proof in essentially all of Mr. Walker's previous cases – and his present ones. The court documented in great detail the plaintiff's long history of meritless filings – including findings by other courts that he had proceeded in his cases without any proof to document his claims. The court also noted that Mr. Walker has not provided any proof to document his claims in the present case, which has proceeded beyond the filing stage.

At this point, it appears that the only way Mr. Walker could comply with the show cause order – and show that the present case is not vexatious – would be to provide the type documentary proof of his claims outlined in the order. The court also notes that Mr. Walker has filed twenty-two papers with the court following entry of the court's show cause order – none of which provided proof to document any of his claims. Indeed, four of those papers were filed after the court's memorandum opinion and final judgment – which noted Walker's failure to provide such documentation. Thus, by the time Mr. Walker filed those four papers, he was aware of the court's need of such documents if he wished to move forward with his case. The absence of such documents – even now – only reinforces the court's decision to dismiss the instant case.

## Conclusion

The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 1st day of May, 2019.

_____
SENIOR JUDGE